1   SUSAN R. DENIOUS, Bar No. 155033
    LITTLER MENDELSON
2   A Professional Corporation
    2520 Venture Oaks Way, Suite 390
3   Sacramento, CA 95833
    Telephone:   916.830.7200
4
    Attorneys for Defendant
5   MEDLINE INDUSTRIES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  HEIDI VUCENICH,                          Case No.

11              Plaintiff,                   **NOTICE TO FEDERAL COURT OF
                                             REMOVAL OF CIVIL ACTION**
12       v.
                                             **(Removal based on Diversity Jurisdiction, 28
13  MEDLINE INDUSTRIES, INC., an             U.S.C. §§ 1441(b) and 1446)**
    Illinois corporation and DOES 1 through
14  25,

15              Defendants.

16

17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

19  AND HER ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that Defendant MEDLINE INDUSTRIES, INC.

21  ("Defendant") hereby removes the state action described herein, filed in the Superior Court of the

22  State of California, County of San Joaquin, to the United States District Court for the Eastern

23  District of California, pursuant to 28 U.S.C. sections 1441(b) and 1446.   Specifically, section

24  1441(b) provides in pertinent part: "...Any other action shall be removable only if none of the parties

25  in interest properly joined and served as defendants is a citizen of the State in which such action is

26  brought. As shown below, the sole named Defendant herein, Medline Industries, Inc., is a citizen of

27  the State of Illinois.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Firmwide:89485485.1 049790.1005          1.          Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    Defendants will promptly file in said Superior Court their Notice to State Court and

2    All Adverse Parties of Removal of Civil Action.  A true and correct copy of the Notice to State

3    Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is

4    attached hereto as Exhibit A.

5    The grounds for removal are as follows:

6    1.    On March 19, 2009, an action was commenced against Defendant in the

7    Superior Court of the State of California, County of San Joaquin, entitled *Heidi Vucenich v. Medline*

8    *Industries, Inc. and Does 1 to 25,* State of California Superior Court for the County of San Joaquin,

9    Case No.  39-2009-00206700-CU-WT-STK.    The action was commenced with the filing of

10   Ms. Vucenich's "Complaint for Monetary Damages ..." (hereinafter, "Complaint").

11   2.    Defendants' agent for service of process, CT Corporation, was served with a

12   copy of the Summons and a copy of the Complaint on March 20, 2009.  A copy of the Notice of

13   Service of Process Transmittal Form from CT Corporation is attached hereto as Exhibit B.  A copy

14   of the Summons and the Complaint (with its attachments) are attached hereto as Exhibits C and D,

15   respectively.  A copy of the Civil Case Cover Sheet is attached hereto as Exhibit E.  A copy of the

16   notice setting a case management conference is attached as Exhibit F.

17   3.    Plaintiff's Complaint alleges claims for: (1) sexual harassment in violation of

18   FEHA; (2) hostile work environment in violation of FEHA; (3) retaliation in violation of FEHA;

19   (4) failure to take all reasonable steps to prevent harassment; (5) violation of California Labor Code

20   section 1102.5; (6) wrongful termination in violation of public policy; (7) failure to pay overtime

21   wages due and owing, (8) violations of meal and rest provisions of the California Labor Code, and

22   (9) waiting time penalties under the California Labor Code.   Plaintiff's Complaint seeks the

23   following relief:  compensatory damages, punitive and exemplary damages, prejudgment interest on

24   all amounts claimed pursuant to Civil Code section 3287 and/or 3288, and attorney's fees and costs.

25   *See* Exhibit D, Prayer for Relief (Complaint, p. 16).

26   4.    Defendant has not yet filed any responsive pleading to Plaintiff's Complaint.

27   5.    This Notice to Federal Court of Removal of Civil Action is timely in that it is

28   filed within thirty days after Defendant was served with the Summons and Complaint.  28 U.S.C.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Firmwide:89485485.1 049790.1005                    2.                    Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

§ 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

6.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) and (c)(1) and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. sections 1441(a), 1441(b) and 1446(b).

7.    Diversity grounds for removal exist based upon the following:

a.    Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, a citizen of the United States. *See* Becker Decl. (attached hereto as Exhibit G), ¶ 2, and Exhibit 1 thereto (showing that Plaintiff stated that she has U.S. citizenship).[1]

b.    Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, domiciled as a citizen of the State of California. *See* Decl., Dave Bernier (attached hereto as Exhibit I), ¶ 4 (the company's last known information about Heidi Vucenich's residence was that she continued to live in California when her 2007 earnings statement from the Company was provided to her); *see also*, Ms. Vucenich's Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act (Charge No. E2007-08E1330-00-psc), which is attached within Exhibit A to Plaintiff's Complaint.  This document was signed under penalty of perjury on or about March 21, 2008, *i.e.* approximately 10 months after her employment with Defendant Medline ended.  That administrative charge reflects that Ms. Vucenich lived in California at the time she signed that complaint.[2]  See also, Becker Decl. (attached hereto as Exhibit G), ¶ 2, and Exh. 1 thereto, reflecting that Plaintiff presented a California driver's license (other personal information has been redacted).

c.    Diversity exists on the basis of the location of Defendant Medline Industries, Inc. *see* 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).  As of the time of the filing of this action, and continuing, Defendant Medlin, Inc. was and continues to be incorporated under the laws of the State of Illinois (*see* Decl., Alex Lieberman (attached hereto as Exhibit H), ¶ 2), and has its

---

[1]    Please note that other than the notation that Ms. Vucenich is a United States citizen, other personal information has been redacted to protect Ms. Vucenich's privacy.

[2]    Please note that the rest of the address and her stated telephone number have been redacted from this document to protect Ms. Vucenich's privacy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1  principal place of business in the State of Illinois (Decl., Lieberman (attached hereto as Exhibit H), ¶

2  3).  The company's headquarters are located in Illinois (Decl., Lieberman, ¶ 4) and its top-level

3  executives manage the operations of the company in Illinois.  Decl., Lieberman (attached hereto as

4  Exhibit H), ¶ 5;

5           d.    The amount in controversy in this case exceeds the sum of seventy-five

6  thousand dollars ($75,000) exclusive of interest and costs.  Although the Complaint does not state a

7  specific dollar amount of damages that Plaintiff seeks, Defendant need only establish by a

8  preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum.  *See Valdez v.*

9  *Allstate Insurance Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).  Defendants meet their burden, based

10  on the following:

11          (1)    Plaintiff seeks to recover an unspecified amount of lost wages.  (See

12  Complaint, ¶¶ 35, 75, in particular, and its Prayer for Relief, ¶ 2, in general.)  Plaintiff alleges that

13  she worked for Defendant Medline Industries, Inc. beginning in the year, 2006 (Complaint, ¶ 8) and

14  that her employment with Defendant Medline ended in May 2007 (Complaint, ¶ 27).  At the time

15  Plaintiff's employment with Defendant Medline ended in May 2007, her annual salary was

16  $46,000.00.  Decl., Bernier, ¶ 3.  She was further eligible for certain fringe benefits, including health

17  insurance and a 401K retirement plan.  Decl., Bernier, ¶ 3.

18          (2)    Plaintiff also seeks to recover an unspecified amount of emotional

19  distress damages.  *See* Complaint, ¶¶ 35, 75, in particular, and its Prayer for Relief, ¶ 2, in general.)

20          (3)    Plaintiff also seeks to recover an unspecified amount of punitive

21  damages against Defendant.  *See* Complaint, ¶¶ 36, 48, 54, 60, and Prayer for Relief, ¶ 4.  Although

22  Defendant Medline denies that it can or should be liable for punitive damages in this case, for

23  purposes of assessing whether the amount in controversy is satisfied to invoke diversity jurisdiction,

24  the Ninth Circuit has specifically held that punitive damages claimed by a plaintiff are properly

25  included in computing the jurisdictional amount.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th

26  Cir. 2001).  To establish the probability of punitive damages, a party asserting federal diversity

27  jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts.  *See*

28  *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). If Plaintiff were to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Firmwide:89485485.1 049790.1005          4.          Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1   prove the allegations in her Complaint and prevail at trial, which the Court must assume for purposes

2   of determining the amount in controversy, her punitive damages would alone establish the minimum

3   jurisdictional threshold. *See, e.g., Weeks v. Baker & McKenzie,* 63 Cal. App.4[th] 1128, 1165-1166

4   (1998) ($6.9 million punitive damages award in sexual harassment case affirmed, which was

5   subsequently reduced to $3.5 million).

6           (4)     Finally, in addition to general, special and punitive damages, Plaintiff

7   also seeks to recover attorneys' fees in connection with various claims, including claims brought

8   under the California Fair Employment and Housing Act ("FEHA"). See Complaint, ¶ 48, which

9   alleges that Plaintiff is entitled to attorneys' fees under California Government Code § 12965, a

10  provision within FEHA. Attorneys' fees recoverable by statute are properly included in the amount

11  in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). It is proper

12  to include both the amount of attorney's fees incurred at the time of removal and all reasonably

13  anticipated future fees. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034, 1034 (N.D.

14  Cal. 2002) ("[Attorney's] fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit

15  must have anticipated that district courts would project fees beyond removal …. [t]he measure of

16  fees should be the amount that can be anticipated at the time of removal."). *Id.* at 1034-35.

17  Attorney's fees are available to prevailing plaintiffs in FEHA discrimination claims. *See* Cal. Gov't

18  Code § 12965(b); Cal. Civ. Proc. Code §§ 1032, 1033.5(a)(10). Attorney's fees for a single-plaintiff

19  case will undoubtedly exceed $75,000 through trial, even assuming a modest fee rate. *See, e.g.*

20  *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1150, 1137 (1998) ($1,847,437.86 was awarded

21  in attorney's fees and expenses to a plaintiff in FEHA case).

22          e.      In view of the foregoing, the preponderance of the evidence indicates that

23  Plaintiff is seeking to recover an amount in excess of $75,000 in general damages, special damages,

24  punitive damages and attorney's fees. Accordingly, the amount in controversy exceeds the sum of

25  $75,000, exclusive of interest and costs. Therefore, removal is proper.

26          8.      Venue is proper in this Court under 28 U.S.C. § 1441(a) in that the territorial

27  scope of the United States District Court for the Eastern District of California, includes the place

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

Firmwide:89485485.1 049790.1005                          5.                      Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1   where the action is pending in state court, San Joaquin County.  The Sacramento Division of the

2   Eastern District includes San Joaquin County as one of the counties it serves.

3       9.      No bond is required for removal.  28 U.S.C. § 1446(d).

4       10.     Contemporaneously with the filing of this Notice To Federal Court Of

5   Removal Of Civil, written notice of the removal will be given by the undersigned to counsel for

6   Plaintiff, and a copy of this Notice will be filed with the Clerk of the Superior Court for the State of

7   California, County of San Joaquin.

8       Wherefore, Defendant MEDLINE INDUSTRIES, INC. hereby removes the civil

9   action against it in the Superior Court of the State of California, County of San Joaquin, to the

10  United States District Court, Eastern District of California.

11  Dated: April 17, 2009

12

13                              /s/ Susan R. Denious
                                SUSAN R. DENIOUS
14                              LITTLER MENDELSON
                                A Professional Corporation
15                              Attorneys for Defendant
                                MEDLINE INDUSTRIES, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702 862 8800

Firmwide:89485485.1 049790.1005          6.          Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Defendant Medline Industries, Inc. hereby submits the following exhibits and evidence in support of its Notice of Removal.

| EXHIBIT | DESCRIPTION |
|:---:|:---|
| A | Notice to State Court and All Adverse Parties of Removal of Civil Action |
| B | Notice of Service of Process Transmittal from CT Corporation |
| C | Summons |
| D | Complaint (w/Exhibits) |
| E | Civil Cover Sheet Filed in State Court |
| F | Notice stating date and time of scheduled case management conference |
| G | Declaration of Joseph Becker |
| H | Declaration of Alex Liberman |
| I | Declaration of Dave Bernier |

# EXHIBIT "A"

1   SUSAN R. DENIOUS, Bar No. 155033
    LITTLER MENDELSON
2   A Professional Corporation
    2520 Venture Oaks Way, Suite 390
3   Sacramento, CA  95833.4227
    Telephone:    916.830.7200
4   Fax No.:     916.561.0828

5   Attorneys for Defendant
    MEDLINE INDUSTRIES, INC., an Illinois
6   corporation

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN JOAQUIN

| | |
|---|---|
| 10   HEIDI VUCENICH, | Case No. 39-2009-00206700-CU-WT-STK |
| 11           Plaintiff, | **NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF** |
| 12      v. | **CIVIL ACTION** |
| 13   MEDLINE INDUSTRIES, INC., an | **(Removal Based on Diversity of Citizenship)** |
|     Illinois corporation and DOES 1 through | |
| 14   25, | Complaint Filed:  March 19, 2009 |
| 15         Defendants. | United States District Court for the Eastern District of California, Sacramento Division |
| 16 | |

17   TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF AND HER

18   ATTORNEYS OF RECORD:

19           PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1441 and 1446, on

20   April 17, 2009, Defendant MEDLINE INDUSTRIES, INC. ("Defendant") filed its Notice to Federal

21   Court of Removal of Civil Action with the United States District Court for the Eastern District of

22   California for the purpose of removing the above-captioned case from the Superior Court of the

23   State of California for the County of San Joaquin to the United States District Court for the Eastern

24   District of California.  Copies of said notice and its accompanying exhibits are attached hereto as

25   Exhibit 1.

26           PLEASE TAKE FURTHER NOTICE that the filing of said notice in Federal Court,

27   together with the filing of a copy of said notice with this Court, effects the removal of this action in

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:89489458.1 049790.1005                  Case No. 39-2009-00206700-CU-WT-STK

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

accordance with 28 U.S.C. section 1446(d) and the Court need take no further action with respect to this case unless and until the case is remanded.

Dated: April 17, 2009                                        Respectfully submitted,

*Susan R. Denious*
Susan R. Denious
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MEDLINE INDUSTRIES, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:89489458.1 049790.1005                         2.                    Case No. 39-2009-00206700-CU-WT-STK

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

# EXHIBIT "B"

 CT Corporation

**Service of Process Transmittal**
03/23/2009
CT Log Number 514617845

**TO:**     Jim Abrams
            Medline Industries, Inc.
            1 Medline Pl.
            Mundelein, IL 60060

**RE:**     **Process Served in California**

**FOR:**    Medline Industries, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Heidi Vucenich, Pltf. vs. Medline Industries, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Exhibit(s), Cover Sheet, Notice of Case Assignment and Scheduling Information and Notice of Hearing, Attachment(s), Case Management Statement Form, Stipulation and Order Form |
| **COURT/AGENCY:** | San Joaquin County, Superior Court, CA<br>Case # 39200900206700CUWTKSTK |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Discrimination - Wrongful termination - on the basis of gender |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/20/2009 at 14:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark L. Venardi<br>The Venardi Elam Firm, LLP<br>2033 N. Main Street<br>Suite 750<br>Walnut Creek, CA 94596<br>925-937-8900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798093516524 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT "C"

5/20 → 2.2UP

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Medline Industries, Inc. an Illinois corporation and
Does 1 through 25,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
SUPERIOR COURT
2009 MAR 19  PH 3: 45
ROSA JUNQUEIRO, CLERK
BY THERESA CARLETON
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Heidi Vucenich

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California-County of San Joaquin<br>222 E. Weber Avenue<br>Stockton, CA 95202 | 39-2009-00206700-CU-WT-STK |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Venardi (SBN 173140)          (925) 937-3900  (925) 937-3905
The Venardi Elam Firm, LLP
2033 N. Main Street, Suite 750

THERESA CARLETON

| | | | |
|---|---|---|---|
| DATE:  MAR 1 9 2009 | ROSA JUNQUEIRO Clerk, by | | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Medline Industries Inc, an Illinois corporation

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                              Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
Ca Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT "D"

Mark L. Venardi (SBN 173140)
THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Two Ygnacio Center
Walnut Creek, California  94596
Telephone: (925) 937-3900
Facsimile: (925) 937-3905

Attorneys for Plaintiff
HEIDI VUCENICH

FILED
SUPERIOR COURT

2009 MAR 19  PM 3: 45

ROSA JUNQUEIRO, CLERK

BY THERESA CARLETON
        DEPUTY

THIS CASE HAS BEEN ASSIGNED TO
JUDGE LAUREN P. THOMASSON IN DEPARTMENT 32
FOR ALL PURPOSES, INCLUDING TRIAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

UNLIMITED JURISIDICTION

HEIDI VUCENICH,

Plaintiff,

vs.

MEDLINE INDUSTRIES, INC. an
Illinois corporation and DOES 1 through
25,

Defendants.

CASE N. .. 39-2009-00206700-CU-WT-STK

**COMPLAINT FOR MONETARY
DAMAGES FOR SEXUAL
HARASSMENT; GENDER
DISCRIMINATION; HOSTILE
WORK ENVIRONMENT;
RETALIATION; WRONGFUL
TERMINATION IN VIOLATION OF
PUBLIC POLICY; FAILURE TO
PREVENT HARASSMENT;
VIOLATION OF WAGE AND HOUR
LAWS**

**DEMAND FOR JURY TRIAL**

**BY FAX**

Plaintiff HEIDI VUCENICH alleges as follows:

**THE PARTIES**

1.     Plaintiff HEIDI VUCENICH ("Plaintiff" or "VUCENICH") is an adult

woman employed, at all times herein mentioned, by MEDLINE INDUSTRIES, INC.

Plaintiff worked, at all times herein mentioned, in the City of Lathrop, California

which is located in the County of San Joaquin, California.

2.     Defendant MEDLINE INDUSTRIES, INC. ("MEDLINE" or "Defendant")

is an Illinois Corporation, with an office in Lathrop, California.

3.     The true names and capacities, whether individual, corporate, associate

- 1 -

COMPLAINT FOR MONETARY DAMAGES                              CASE NO. _____

1  or otherwise, of defendants sued herein as DOES 1 through 25, inclusive, are

2  currently unknown to Plaintiff, who therefore sues said defendants by such fictitious

3  names and Plaintiff will seek to amend this Complaint to show their true names and

4  capacities when the same has been ascertained. Plaintiff is informed and believes, and

5  based thereon alleges, that each of the defendants designated herein as DOE is legally

6  responsible in some manner for the events and happenings referred to herein and

7  caused injury and damage proximately thereby to Plaintiff as alleged herein. Each

8  reference in this Complaint to "defendant," "defendants" or a specifically named

9  defendant refers also to all defendants sued under fictitious names. Plaintiff is

10  informed and believes, and based thereon alleges, that at all times herein mentioned

11  each of the defendants was the agent, employee and servant of each of the remaining

12  defendants, and in doing the things hereinafter alleged was acting within the scope of

13  such agency, employment, and servitude, with the knowledge and consent of each of

14  the defendants. Whenever this Complaint makes reference to "defendants" or

15  "defendants, and each of them," such allegations shall be deemed to mean the acts of

16  defendants acting individually, jointly and/or severally.

17                           **JURISDICTION AND VENUE**

18        4.      This action involves sexual harassment, hostile work environment,

19  gender discrimination, and retaliation in violation of the California Fair Employment

20  and Housing Act *California Government Code Section 12940, et seq.*). This action also

21  involves wage and hour claims pursuant to the California Labor Code, violation of

22  California Labor Code Section 1102.5, and tort causes of action.

23        5.      Plaintiff was at all relevant times to this Complaint employed in the

24  County of San Joaquin, State of California at the place of business maintained by

25  Defendants.  Many of Defendants' wrongful acts occurred in the County of San

26  Joaquin, State of California.

27                        **ADMINISTRATIVE PREREQUISITES**

28        6.      At all times relevant, MEDLINE regularly employed five or more

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 2 -

1   persons, bringing Defendant within the provisions of *California Government Code*
2   *Section 12900*, et seq., prohibiting employers or their agents from sexually harassing
3   employees, discriminating against employees, retaliating against employees, or from
4   allowing and fostering an environment where fellow employees could harass other
5   employees with impunity.

6       7.      Plaintiff has exhausted her administrative remedies by timely filing
7   complaints of harassment, discrimination and retaliation in her employment with the
8   California Department of Fair Employment and Housing ("DFEH").  The DFEH issued
9   its Right-To-Sue Notice letter authorizing this lawsuit and Plaintiff timely filed this
10  action within the prescribed period subsequent to issuance of the Right-To-Sue Notice
11  letter.  Plaintiff has, therefore, exhausted her administrative remedies and timely
12  filed this action within the prescribed period subject to issuance of the Right-To-Sue
13  Notice letters.  **Attached hereto as Exhibit A are true and correct copies of the**
14  **DFEH Right-To-Sue Notice Letters, dated March 11, 2008.**

**STATEMENT OF FACTS**

16      8.      In or about 2006, MEDLINE hired Plaintiff to work in Lathrop,
17  California.  Throughout her employment with MEDLINE, Plaintiff performed her job
18  duties in an exemplary manner.

19      9.      Beginning in or about 2006 Plaintiff informed MEDLINE and her
20  immediate supervisor Susan Russell that MEDLINE was not following proper or
21  lawful classification rules and procedures for products that were imported into the
22  United States in Free Trade Zones ("FTZ").

23      10.     In or about March 2007 Plaintiff filed an appeal with United Health Care
24  regarding United Health Care's failure to comply with the Health Insurance
25  Portability and Accounting Act of 1996, Public Law 104-191 (August 21, 1996)
26  ("HIPPA").  Plaintiff's appeal was returned to MEDLINE.

27      11.     On April 16, 2007 Plaintiff informed Susan Russell of MEDLINE that she
28  intended to file a HIPPA complaint against United Health Care.  Susan Russell

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 3 -

1   instructed Plaintiff to not file the complaint, and to provide Susan Russell the details
2   of the complaint because Susan Russell is MEDLINE'S insurance attorney.

3        12.    On April 16, 2007 Susan Russell and another employee took Plaintiff to a
4   local liquor store. Susan Russell pressured Plaintiff and other employees to drink
5   alcohol to be part of her "group." Susan Russell and the other employee became
6   intoxicated, while Plaintiff pretended to drink so that Susan Russell would not become
7   upset.

8        13.    On April 17, 2007 Plaintiff attended a meeting at a Malibu, California
9   coffee shop. Jeri Vonstein, a MEDLINE employee, attends the same meeting and by
10  11:00 a.m. Susan Russell was drinking. Susan Russell ordered Jeri Vonstein and
11  Plaintiff to contact another employee and inform that employee if she wanted to be
12  part of the group she had to keep her mouth shut about what the group does.

13       14.    On the way back to the hotel, Susan Russell had the cab stop at a liquor
14  store to purchase alcohol. Jeri Vonstein and Plaintiff decide to purchase a different
15  brand of beer so they could fill their beer with water to drink instead of alcohol.

16       15.    That same evening at least 5 MEDLINE employees went to the
17  restaurant "Cut," an upscale Beverly Hills establishment. During dinner at the table
18  in front of all the employees, Susan Russell pretended to perform oral sex using a
19  prawn as a penis. Jeri Vonstein commented "Oh no, there is a porno flick going on at
20  our table. Susan Russell then requested whip cream and strawberries. She spread
21  the whip cram around her mouth using her tongue while she explained that the "head
22  of a penis is where the nerve endings are . . ." and then described how to perform oral
23  sex. Plaintiff felt ill and attempted to block Susan Russell from the view of other
24  restaurant patrons.

25       16.    During the cab ride back to the hotel Susan Russell continued making
26  sexual comments. She told Plaintiff that she was going to make Plaintiff attend an
27  Aerosmith concert and make her sit up by the stage until she had an orgasm. After
28  that, Susan Russell started rubbing oil on her legs, while a male employee took Susan

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 917-3905

- 4 -

1  Russell's room key and made a sexual advance toward her.

2      17.    The next day Susan Russell invited Plaintiff and other employees to
3  lunch. Plaintiff pretended that she was sick so she would not have to attend.

4      18.    On April 23, 2007 Susan Russell informed Plaintiff that MEDLINE
5  would pay Plaintiff a $6,000 bonus to pay for medical treatment that was denied by
6  United Health Care. Plaintiff informed Susan Russell that she did not want the
7  money, but instead she wanted United Health Care to do the right thing and continue
8  her coverage for the period.

9      19.    Susan Russell became very upset with Plaintiff for refusing the $6,000
10  and began sending emails to other employees that contained personal and private
11  health care information about Plaintiff.

12      20.    On April 23, 2007, Susan Russell told Plaintiff that if she did not accept
13  the money and drop her potential action against United Health Care MEDLINE would
14  chew her up and spit her out. Susan Russell also told Plaintiff that everything she
15  and her husband had worked so hard for would be destroyed. Susan Russell informed
16  Plaintiff that the owners of MEDLINE and Alex Lieberman, MEDLINE'S General
17  Counsel told Susan Russell to tell Plaintiff to "drop it."

18      21.    On April 24, 2007 Ted Vucenich, Plaintiff's husband, called Joe Becker,
19  MEDLINE VP of Human Resources and informed him that Susan Russell threatened
20  to terminate Plaintiff and her husband if Plaintiff did not refrain from filing a HIPPA
21  complaint.

22      22.    On April 26, 2007 Jeri Vonstein sent Plaintiff sexually graphic pictures
23  and email. Plaintiff advised Jeri Vonstein to stop sending that type of material.

24      23.    On May 12, 2007 Plaintiff filed a written complaint with the owners of
25  MEDLINE, Bill Abbington, the President of Operations and CFO, Alex Lieberman,
26  General Counsel, and Joe Becker, VP Human Resources.

27      24.    MEDLINE commenced a complete sham investigation by interviewing
28  Plaintiff and then passing the information Plaintiff provided to Susan Russell.

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 5 -

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

1   Plaintiff requested that MEDLINE transfer her so that she would no longer be

2   supervised by Susan Russell.  MEDLINE refused Plaintiff's request.

3        25.    After months of continued threats, harassment, and retaliation, Plaintiff

4   could no longer endure working at MEDLINE.  On May 15, 2007 Plaintiff could no

5   longer tolerate the hostile and retaliatory environment, especially in light of what

6   appeared to be a sham investigation, so she sent an email to Joe Becker, VP Human

7   Resources, telling him that she would resign the following morning.

8        26.    Joe Becker sent Plaintiff a return email and said: "Let's talk about this

9   first."  Plaintiff's husband convinced her to discuss the matter with Joe Becker before

10  resigning, and then called Joe Becker to inform him that Plaintiff would speak with

11  him first.  Joe Becker informed Plaintiff's husband that it was too late because the

12  owners had accepted her resignation.

13       27.    Plaintiff alleges that she had not yet resigned, but instead that she had

14  expressed her intention to resign, accordingly, MEDLINE terminated her employment

15  on May 16, 2007.

16       28.    Alternatively, MEDLINE made the conditions of her work so intolerable

17  that a reasonable person would not have subjected themselves to such conditions and

18  accordingly MEDLINE constructively terminated Plaintiff.

19       29.    Beginning in or about January, 2007 Plaintiff worked on average 12

20  hours per day without meal and rest breaks.  More than 51 percent of her work was

21  clerical in nature.

22                        **FIRST CAUSE OF ACTION**

23              **(SEXUAL HARASSMENT IN VIOLATION OF FEHA)**

24       30.    As a first, separate, and distinct cause of action, Plaintiff complains

25  against Defendants, and each of them and realleges and incorporates herein by this

26  reference each and every allegation contained in Paragraphs 1 through 29 inclusive, of

27  this Complaint, as though fully set forth herein.

28       31.    The foregoing conduct by the defendants, and each of them, was

- 6 -

1  unwelcome to Plaintiff and was sufficiently severe that it had the effect of altering the

2  conditions of Plaintiff's employment and created an intimidating, hostile, abusive and

3  offensive work environment.

4      32.   The harassing was done by Plaintiff's direct supervisor with the

5  knowledge of other supervisors, none of whom took any action to investigate, address

6  or remedy the situation.

7      33.   The conduct of defendants, and each of them, constitutes unlawful

8  discrimination based on Plaintiff's gender, including sexual harassment, in violation of

9  FEHA.

10     34.   The conduct of defendants, and each of them, created an intolerable work

11  environment, one that a reasonable person would not endure and thereby

12  constructively discharged Plaintiff.

13     35.   As a result of the defendants' discriminatory and harassing conduct, and

14  each of them, against her, Plaintiff has suffered and continues to suffer damages and

15  injury in amounts not yet ascertained, but in excess of the jurisdictional minimum of

16  this Court, including, but not limited to, losses in earnings, and other employment

17  benefits, emotional and physical distress, depression, anxiety, humiliation,

18  embarrassment, pain and suffering and loss and injury to reputation.

19     36.   Defendants' actions were malicious, oppressive, and fraudulent, and

20  Plaintiff is entitled to recover punitive damages from defendants, and each of them.

21              **SECOND CAUSE OF ACTION**

22        (HOSTILE WORK ENVIRONMENT IN VIOLATION OF FEHA)

23     37.   As a second, separate, and distinct cause of action, Plaintiff complains

24  against Defendants, and each of them, and realleges and incorporates herein by this

25  reference each and every allegation contained in Paragraphs 1 through 36 inclusive, of

26  this Complaint, as though fully set forth herein.

27     38.   There existed, at all relevant times, a hostile work environment at

28  MEDLINE.

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-1905

- 7 -

COMPLAINT FOR MONETARY DAMAGES                    CASE NO.

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 917-3905

39.   Defendants and each of them, as alleged herein, acted and failed and refused to act in such a manner that Plaintiff was subjected to a hostile work environment on the basis of her gender.

40.   Defendants, and each of them, by their acts and failure and refusals to act as alleged herein ratified the harassment of Plaintiff by Susan Russell.

41.   The actions and failures to act of defendants, and each of them, as alleged herein, would seriously affect the work performance of any reasonable employee.

42.   The actions and failures and refusals to act of defendants, and each of them, as alleged herein, would affect the psychological well being of any reasonable employee and in fact did affect the psychological well being of Plaintiff.

43.   The actions and failures and refusals to act of defendants, and each of them, as alleged herein, against Plaintiff constitutes unlawful discrimination in Plaintiff's employment on account of sex and/or gender in violation of California Government Code section 12940 *et seq.*

44.   The conduct of defendants, and each of them, created an intolerable work environment, one that a reasonable person would not endure and thereby constructively discharged Plaintiff.

45.   The actions and failures and refusals to act of defendants, and each of them, were committed with malice, fraud or oppression and with reckless disregard of plaintiff's rights and safety.

46.   Defendants, and each of them, knew the consequences of their actions and their failures and refusals to act would injure Plaintiff and would cause Plaintiff physical and emotional injuries.

47.   As a direct and proximate result of the acts and failures and refusals to act of defendants, and each of them, as alleged herein Plaintiff suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

48.   In bringing this action Plaintiff has been required to retain counsel to

- 8 -

1   represent her in this matter.  Pursuant to California Government Code section
2   12965(b) she is entitled to an award of attorneys' fees.

### THIRD CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF FEHA)

5   49.   As a third, separate, and distinct cause of action, Plaintiff complains
6   against Defendants, and each of them, and realleges and incorporates herein by this
7   reference each and every allegation contained in Paragraphs 1 through 48 inclusive, of
8   this Complaint, as though fully set forth herein.

9   50.   Plaintiff reported unlawful conduct by her supervisor, which she believed
10  to be sexual harassment and the creation of a hostile work environment.

11  51.   Thereafter, Susan Russell and MEDLINE retaliated against her by
12  making her work conditions even more intolerable and by terminating her
13  employment and/or in the alternative forcing her to resign.

14  52.   The actions and failures and refusals to act of defendants, and each of
15  them, were committed with malice, fraud or oppression and with reckless disregard of
16  plaintiff's rights and safety.

17  53.   As a direct and proximate result of the acts and failures and refusals to
18  act of defendants, and each of them, as alleged herein Plaintiff suffered general and
19  special damages in an amount exceeding the jurisdictional minimum of the Superior
20  Court, according to proof at trial.

21  54.   In bringing this action Plaintiff has been required to retain counsel to
22  represent her in this matter.  Pursuant to California Government Code section
23  12965(b) she is entitled to an award of attorneys' fees.

### FOURTH CAUSE OF ACTION

### (FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT

26  55.   As a fourth, separate, and distinct cause of action, Plaintiff complains
27  against Defendants MEDLINE and Doe Defendants, and realleges and incorporates
28  herein by this reference each and every allegation contained in Paragraphs 1 through

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 9 -

COMPLAINT FOR MONETARY DAMAGES                                    CASE NO.

1 | 54 inclusive, of this Complaint, as though fully set forth herein.

2 |     56.    MEDLINE had an affirmative duty to take all reasonable steps necessary

3 | to prevent discrimination and harassment from occurring in the workplace pursuant

4 | to California Government Code section 12940(I).

5 |     57.    MEDLINE'S conduct, as alleged herein, and by failing to express strong

6 | disapproval of harassing and discriminatory practices, by failing to develop

7 | appropriate sanctions for harassment and discrimination practices, by failing to

8 | develop appropriate methods to educate employees/managers about unlawful and

9 | inappropriate practices, including the gravity of consequences for engaging in such

10 | practices, and by failing to take immediate and appropriate corrective action to stop

11 | the harassment and discrimination from occurring.

12 |     58.    MEDLINE breached the affirmative duty as set forth in the preceding

13 | paragraph by various actions and failures and refusals to act as described herein.

14 | These acts included, but are not limited to failing to train, discipline, monitor, enforce

15 | and oversee discrimination and harassment training.

16 |     59.    As a proximate result of MEDLINE'S unlawful employment practices,

17 | Plaintiff has suffered and continues to suffer damages, including but not limited to

18 | damages for humiliation, embarrassment, damages for severe mental and emotional

19 | distress and discomfort, as well as forcing her to incur attorneys' fees, costs and

20 | certain other incidental damages, all according to proof.

21 |     60.    MEDLINE committed the acts alleged herein maliciously and

22 | oppressively and with the wrongful intention of injuring Plaintiff, and acted with an

23 | improper and evil motive amounting to malice. As a result of defendants' conduct,

24 | Plaintiff is entitled to recover punitive damages in an amount commensurate with

25 | defendants' wealth.

26

27

28

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 10 -

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF CAL. LABOR CODE § 1102.5)**

61.    As a fifth, separate, and distinct cause of action, Plaintiff complains against Defendants MEDLINE and Doe Defendants, and realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 60 inclusive, of this Complaint, as though fully set forth herein.

62.    In or about March 2007 Plaintiff filed an appeal with United Health Care regarding United Health Care's failure to comply with the Health Insurance Portability and Accounting Act of 1996, Public Law 104-191 (August 21, 1996) ("HIPPA").  Plaintiff's appeal was returned to MEDLINE.

63.    On April 16, 2007 Plaintiff informed Susan Russell of MEDLINE that she intended to file a HIPPA complaint against United Health Care.  Susan Russell instructed Plaintiff to not file the complaint, and to Susan Russell the details of the complaint because Susan Russell is MEDLINE'S insurance attorney.

64.    On April 23, 2007 Susan Russell informed Plaintiff that MEDLINE would pay Plaintiff a $6,000 bonus to pay for medical treatment that was denied by United Health Care.  Plaintiff informed Susan Russell that she did not want the money, but instead she wanted United Health Care to do the right thing and continue her coverage for the period.

65.    Susan Russell became very upset with Plaintiff for refusing the $6,000 and begins sending emails to other employees that contained personal and private health care information about Plaintiff.

66.    On April 23, 2007, Susan Russell told Plaintiff that if she did not accept the money and drop her potential action against United Health Care MEDLINE would chew her up and spit her out.  Susan Russell also told Plaintiff that everything she and her husband had worked so hard for would be destroyed.  Susan Russell informed Plaintiff that the owners of MEDLINE and Alex Lieberman, MEDLINE'S General Counsel told Susan Russell to tell Plaintiff to "drop it."

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 11 -

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

67.     On April 24, 2007 Ted Vucenich, Plaintiff's husband who was also a
MEDLINE employee, called Joe Becker, MEDLINE VP of Human Resources and
informed him that Susan Russell threatened to terminate Plaintiff and her husband if
Plaintiff did not refrain from filing a HIPPA complaint.

68.     Approximately three weeks later MEDLINE terminated Plaintiff's
employment in retaliation for her threatening to file a HIPPA complaint, or
alternatively MEDLINE retaliated against her and made her work conditions so
unbearable and intolerable that she was forced to resign.

69.     Defendants conduct is a violation of Cal. Labor Code Section 1102.5(a)
which provides that an "employer may not make, adopt, or enforce any rule,
regulation, or policy preventing an employee from disclosing information to a
government or law enforcement agency, where the employee has reasonable cause to
believe that the information discloses a violation of state or federal statute, or a
violation or noncompliance with a state or federal rule or regulation." Defendants'
conduct is also in violation of Cal. Labor Code Section 1102.5 (b) which makes it
unlawful for an employer to retaliate against an employee.

70.     Defendant fired Plaintiff in retaliation for her insistence on reporting the
HIPPA violation to federal authorities.

71.     Defendant is liable for the acts of its managers, officers, agents and
employees pursuant to Cal. Labor Code Section 1104.

72.     Defendants' acts are in direct violation of Cal. Labor Code § 1102.5(a) and
(b), and thereby subject Defendants to statutory penalties under Section 1102.5, and
damages suffered by Plaintiff under Section 1105.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

## (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

73.     As a sixth, separate, and distinct cause of action, Plaintiff complains
against Defendants MEDLINE and Doe Defendants, and realleges and incorporates

- 12 -

1    herein by this reference each and every allegation contained in Paragraphs 1 through
2    72 inclusive, of this Complaint, as though fully set forth herein.

3        74.    The conduct described in this Complaint, including harassment,
4    retaliation and wrongful termination of Plaintiff, constitute a violation of public policy
5    embodied in provisions of *California Government Code Section 12900*, et seq.,
6    prohibiting employers or their agents from sexually harassing employees, or from
7    allowing and fostering an environment where fellow employees could harass other
8    employees with impunity, violation of HIPPA laws and regulations, and violations of
9    Cal. Labor Code Section 1102.5.

10        75.    As a direct and proximate result of Defendant's retaliation and wrongful
11    termination, Plaintiff has suffered and continues to suffer damages that exceed the
12    jurisdictional limit of this Court, including loss of earnings, benefits and severe
13    emotional and physical distress, all of which will be proven at trial.

14        76.    Defendant committed the acts alleged herein maliciously, fraudulently
15    and oppressively, with the wrongful intention of injuring Plaintiff, from an improper
16    and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.
17    Plaintiff is therefore entitled to recover punitive damages from Defendant in an
18    amount according to proof at trial.

19                  **SEVENTH CAUSE OF ACTION**
20           **(FAILURE TO PAY OVERTIME WAGES DUE AND OWING)**

21        77.    As a seventh, separate, and distinct cause of action, Plaintiff complains
22    against Defendants MEDLINE and Doe Defendants, and realleges and incorporates
23    herein by this reference each and every allegation contained in Paragraphs 1 through
24    76 inclusive, of this Complaint, as though fully set forth herein.

25        78.    Beginning on or about November, 2006 and continuing until May 15,
26    2007, Plaintiff was employed by Defendants.

27        79.    During the period indicated above, Plaintiff often worked in excess of
28    eight (8) hours per day.  On information and belief, Plaintiff worked on average

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-1905

- 13 -

1  between two (2) to five (5) hours of overtime per day.   From November 2006, **until in**

2  or about May 15, 2007, Defendants wrongfully and unlawfully had classified Plaintiff

3  as an exempt employee, and consequently did not pay Plaintiff any overtime for hours

4  worked in excess of eight (8) hours per day.

5     80.    At all pertinent times, California statutory law, the Industrial Welfare

6  Commission Wage Orders, and the California Code of Regulations required that

7  Plaintiff, and the other employees, be classified as non-exempt, and that Defendant

8  pay all such employees, including Plaintiff for all hours worked in excess of eight (8)

9  hours per day.

10    81.    Defendants terminated Plaintiff's employment on or about May 15, 2007,

11 and failed to pay Plaintiff all wages then due and owing, and continue to fail to pay

12 Plaintiff all wages due and owing.

13    82.    As set forth more specifically in the Prayer for Relief below, Plaintiff, on

14 her own behalf, seeks to recover all wages due, waiting time penalties pursuant to Cal.

15 Labor Code § 203, the costs of this suit, interest on and from the day the wages were

16 due and owing, reasonable attorneys' fees pursuant to Cal. Labor Code § 218.5 and

17 Cal. Labor Code § 1194. Plaintiff further seeks injunctive relief enjoining Defendants

18 from engaging in the above unlawful practices, pursuant to Cal. Labor Code § 1194.5.

## EIGHTH CAUSE OF ACTION

### (VIOLATIONS OF MEAL AND REST BREAK PROVISIONS

### OF THE CALIFORNIA LABOR CODE)

22    83.    As an eighth, separate, and distinct cause of action, Plaintiff complains

23 against Defendants MEDLINE and Doe Defendants, and realleges and incorporates

24 herein by this reference each and every allegation contained in Paragraphs 1 through

25 82 inclusive, of this Complaint, as though fully set forth herein.

26    84.    The Cal. Labor Code § 512 requires that employers provide employees

27 with meal and rest periods each day that an employee works more than five (5) hours.

28 Cal. Labor Code § 226.7 expressly forbids an employer from requiring an employee to

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 14 -

1  work during any meal or rest period, and requires that the employer pay the employee

2  on additional hour of pay as compensation for each instance of the employer's failure

3  to provide the meal and rest period in accordance with California law.

4       85.    Defendants, as alleged above, routinely failed to provide uninterrupted

5  meal and rest periods for Plaintiff, and on information and belief, other similarly

6  situated employees, during the entire course of Plaintiff's employment with

7  Defendants.  Plaintiff, and on information and belief, further alleges that other

8  similarly situated employees, routinely worked during, on, and through their shift

9  either without taking meal and rest breaks, and or working during some part of their

10  meal and/or rest break.

11       86.    As set forth more specifically in the Prayer for Relief below, Plaintiff, on

12  her own behalf seeks to recover all wages due, waiting time penalties pursuant to Cal.

13  Labor Code § 203, penalties due pursuant to Cal. Labor Code § 226.7, the costs of this

14  suit, interest on and from the day the wages were due and owing, reasonable

15  attorneys' fees pursuant to Cal. Labor Code § 218.5 and Cal. Labor Code § 1194.

16  Plaintiff further seeks injunctive relief enjoining Defendants from engaging in the

17  above unlawful practices, pursuant to Cal. Labor Code § 1194.5.

18                **NINTH CAUSE OF ACTION**

19      **(WAITING TIME PENALTIES UNDER THE CALIFORNIA LABOR CODE)**

20       87.    As a ninth, separate, and distinct cause of action, Plaintiff complains

21  against Defendants MEDLINE and Doe Defendants, and realleges and incorporates

22  herein by this reference each and every allegation contained in Paragraphs 1 through

23  86  inclusive, of this Complaint, as though fully set forth herein.

24       88.    At all relevant times, Defendants, and each of them, failed to pay to

25  Plaintiff overtime compensation for hours worked in excess of the maximum hours of

26  work permissible by laws as set forth in the Labor Code and in the applicable IWC

27  Wage Orders. At all times, Defendants, and each of them, failed to provide Plaintiff

28  with statutory compensation for missed meal and breaks as specified in the Labor

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 15 -

1 | Code and applicable Wage Orders.  Defendants did not pay Plaintiff all wages owed to

2 | her at the time her employment was terminated, entitling her to recover waiting time

3 | penalties equal to thirty days' pays, pursuant to Labor Code § 203.

4 |      89.     Defendants willfully failed to pay Plaintiff, and the other similarly

5 | situated employees, regular wages, overtime compensation and for meal and rest

6 | periods during which the employees were required to work.  Pursuant to Cal. Labor

7 | Code § 203 Plaintiff, and the other similarly situated employees are each entitled to a

8 | penalty equal to 30 days times his or her daily rate.

9 | **PRAYER FOR RELIEF**

10 |     WHEREFORE, Plaintiff prays judgment to be entered against Defendants, and

11 | each of them, and in her favor, as follows:

12 |     1.     For a jury trial as to all causes of action;

13 |     2.     For general and compensatory damages, according to proof;

14 |     3.     For reasonable attorneys' fees and costs;

15 |     4.     For punitive and exemplary damages, according to proof;

16 |     5.     For prejudgment interest on all amounts claimed;

17 |     6.     For costs of suit incurred herein; and,

18 |     7.     For such other and further relief as the Court may deem just and proper.

19 | Dated: March 19, 2009           THE VENARDI ELAM FIRM, LLP

20 |

21 |

22 |                 Mark L. Venardi

23 |                 Attorneys for Plaintiff
HEIDI VUCENICH

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-1905

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: March 19, 2009

THE VENARDI ELAM FIRM, LLP

Mark L. Venardi
Attorneys for Plaintiff
HEIDI VUCENICH

THE VENARDI ELAM FIRM, LLP
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 17 -

COMPLAINT FOR MONETARY DAMAGES                                    CASE NO.

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2000 "O" Street, Suite 120, Sacramento, CA 95811-6299
(916) 445-5523  TTY (800) 700-2320  Fax (916) 323-6092
www.dfeh.ca.gov



March 24, 2008


J. PETER SHEARER, ESQ
ATTORNEY AT LAW
PIERCE & SHEARER, LLP
730 POLHEMUS RD, STE. 101
SAN MATEO, CA 94402

RE:     E200708E1330-00-psc
        VUCENICH/MEDLINE INDUSTRIES, INC

Dear J. PETER SHEARER, ESQ:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
March 20, 2008 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Judith A. Miller
District Administrator

cc:    Case File

HUMAN RESOURCES MANAGER
MEDLINE INDUSTRIES, INC
400 DARCY PRKWAY
LATHROP, CA 95330

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200708E1330-00-psc

*DFEH USE ONLY*

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)  **Heidi Vuccinich**   TELEPHONE NUMBER (INCLUDE AREA CODE)

ADDRESS

CITY/STATE/ZIP  CA 95350     COUNTY  Stanislaus     COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  MEDERS INDUSTRIES, INC (Continued)     TELEPHONE NUMBER (Include Area Code)

ADDRESS  1 METLIFE PLACE    San Joaquin

CITY/STATE/ZIP  MIDDLEBLOCK, NJ 60040     COUNTY     COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)  unknown (less ~500 in California)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  5/16/07 and ongoing     RESPONDENT CODE

THE PARTICULARS ARE:

On 5/16/07 (fill in other as applicable)   I WAS  ____ fired  ____ laid off  ____ demoted  __X__ harassed  ____ denied accommodation  ____ other (specify)

by _____ Name of Person   Job Title

because of my:  __X__ sex  ____ race  ____ religion  __X__ other (specify)

the reason given by management (e.g., Joseph Becker, VP-HR)

Was because of _____

Was because of claimed co. did nothing wrong, co. did what it was supposed to, etc. The real reasons, at least in [please state what you believe to be reason(s)] significant part, include some or all of those illegal ones listed above.

Dated  March  20  2008

At  Modesto, CA
          City

DATE FILED

COMPLAINANT'S SIGNATURE  Heidi Jolyn Vuccinich

RECEIVED  MAR 21 2008  DEPT. SACRM

DFEH-300-03 (01/01)  DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Legal Solicitors  STATE OF CALIFORNIA

# EXHIBIT "E"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark L. Venardi (SBN 173140)<br>The Venardi Elam Firm, LLP<br>2033 N. Main Street, Suite 750<br>Walnut Creek, CA 94596<br><br>TELEPHONE NO.: (925) 937-3900   FAX NO.: (925) 937-3905<br>ATTORNEY FOR (Name): Plaintiff, Heidi Vucenich | FILED<br>SUPERIOR COURT<br>2009 MAR 19  PM 3: 45<br>ROSA JUNQUEIRO, CLERK<br>BY THERESA CARLETON<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

CASE NAME: Heidi Vucenich v. Medline Industries, Inc.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount              (Amount<br>demanded           demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 39-2009-00206700-CU-WT-STK |
|---|---|---|
| | | JUDGE: LAUREN P. THOMASSON<br>DEPT: |

BY FAX

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
      issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 9

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 19, 2009

Mark L. Venardi
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT "F"

# SUPERIOR COURT OF CALIFORNIA

**SAN JOAQUIN**

222 E Weber Avenue

Stockton , CA 95202

(209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: 39-2009-00206700-CU-WT-STK

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 08/27/2009 | Time: 08:45:00 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon. Lauren P Thomasson | STOCKTON | 32 | (209) 468-2355 |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

| Judicial Scheduling Calendar Information |
|---|
| See attached ADR packet. |

| Ex Parte Matters |
|---|
| See attached ADR packet. |

| Noticed Motions |
|---|
| See attached ADR packet. |

| Other Information |
|---|
| See attached ADR packet. |

Date: 03/19/2009

Theresa Carleton , Deputy Clerk

NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

V3 INIT 100 (June 2004)

## COURT SCHEDULE - ATTACHMENT TO NOTICE OF CASE ASSIGNMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE

The following is the scheduling information for civil cases in the San Joaquin County Court Branches. If the case already has a number you must call and reserve all types of hearings at the appropriate branch.

### TRACY BRANCH - (209) 831-5902

| | |
|---|---|
| CMC (Case Management Conference) | Mondays 8:30 a.m., T-2 |
| LAW & MOTION | Tuesdays & Wednesdays, 8:30 a.m., T-2 |
| EX PARTE | Contact Court |

### LODI BRANCH - (209) 331-2101

| | |
|---|---|
| CMC | Tuesdays 9 a.m., L-2 |
| LAW & MOTION | Tuesdays 9 a.m., L-2 |
| EX PARTE | Contact Court |

### STOCKTON BRANCH - (209) 468-2867 (Reservations Only), (209) 468-2933 (General Civil)

| | | |
|---|---|---|
| CMC | Judge Thomasson | Monday - Friday, 8:45 a.m., Dept. 11 |
| | Judge Holland | Monday - Friday, 8:30 a.m., Dept. 13 |
| | Judge Humphreys | Monday - Friday, 8:45 a.m., Dept. 41 |
| | Judge Holly | Monday - Friday, 8:45 a.m., Dept. 42 |
| LAW & MOTION | Judge Thomasson | Tuesday - Friday, 9:00 a.m., Dept. 11 |
| | Judge Holland | Tuesday - Friday, 9:00 a.m., Dept. 13 |
| | Judge Humphreys | Tuesday - Friday, 9:00 a.m., Dept. 41 |
| | Judge Holly | Tuesday - Friday, 9:00 a.m., Dept. 42 |
| EX PARTE | Judge Thomasson | Monday - Friday, 8:30 a.m. & 1:15 p.m. Dept. 11 |
| | Judge Holland | Monday - Friday 8:15 a.m. & 1:15 p.m. Dept. 13 |
| | Judge Humphreys | Tuesday - Friday, 4:30 p.m., Dept. 41 |
| | Judge Holly | Tuesday - Friday, 9:15 a.m., Dept. 42 |

### 1. You must:

a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110).

b. File and serve a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

c. Meet and Confer, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724.

d. Collection cases are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-1870 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.    (04/08)

# EXHIBIT "G"

1 | SUSAN R. DENIOUS, Bar No. 155033
LITTLER MENDELSON
2 | A Professional Corporation
2520 Venture Oaks Way, Suite 390
3 | Sacramento, CA 95833
Telephone:   916.830.7200



4
Attorneys for Defendant
5 | MEDLINE INDUSTRIES, INC.

6

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 | HEIDI VUCENICH,                           | Case No.

11 |                 Plaintiff,                | **DECLARATION OF JOSEPH BECKER IN SUPPORT OF MEDLINE INDUSTRIES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

12 |         v.

13 | MEDLINE INDUSTRIES, INC., an
Illinois corporation and DOES 1 through
14 | 25,

15 |                 Defendants.

16

17

18 | I, JOSEPH BECKER, declare as follows:

19 |         1.      I am employed with Medline Industries, Inc. and serve as its Vice President of

Human Resources.  Because of my employment duties, I am familiar with the manner in which the

forms documenting the citizenship of employees are routinely completed and maintained in the

company's records for business purposes.  I have personal knowledge of the facts stated below.  I am

competent and willing to testify concerning those facts if called upon to do so.

        2.      Attached hereto as Exhibit 1 is a true and correct copy of the required form

that Heidi Vucenich completed at or near the time she began her employment with Medline

Industries, Inc., which form reflects that she was a citizen of the United States of America.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

FIRMWIDE:89519528.1 049790.1005

Declaration of Joseph Becker ISO Medline Industries, Inc.'s
Notice To Federal Court Of Removal Of Civil Action

1    I declare under penalty of perjury under the laws of the State of California and of the

2    United States of America that the foregoing is true and correct.

3         Executed this 16th day of April, 2009, at  Mundelein, Illinois.

4

5

6    JOSEPH BECKER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

FIRMWIDE:89519528.1 049790.1005        2.        Declaration of Joseph Becker ISO Medline Industries, Inc.'s
Notice To Federal Court Of Removal Of Civil Action

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0136

# Employment Eligibility Verification

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. ANTI-DISCRIMINATION NOTICE: It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins.

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| Jaeger-Vucenich | Heidi | A. | Jaeger |

| Address *(Street Name and Number)* | | Apt. # | Date of Birth *(month/day/year)* |
|---|---|---|---|
| | | | |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| | CA | | |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
- [X] A citizen or national of the United States
- [ ] A Lawful Permanent Resident (Alien # A_____)
- [ ] An alien authorized to work until ___/___/___
  (Alien # or Admission #)

| Employee's Signature | Date *(month/day/year)* |
|---|---|
| *[signature]* | 09/25/2006 |

**Preparer and/or Translator Certification.** *(To be completed and signed if Section 1 is prepared by a person other than the employee.)* I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address *(Street Name and Number, City, State, Zip Code)* | Date *(month/day/year)* |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C, as listed on the reverse of this form, and record the title, number and expiration date, if any, of the document(s)

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title _____ | | Driver's License | | Social Security Card |
| Issuing authority _____ | | CA DMV | | Social Security Adm |
| Document # _____ | | | | |
| Expiration Date *(if any)* ___/___/___ | | | | ___/___/___ |
| Document # _____ | | | | |
| Expiration Date *(if any)* ___/___/___ | | | | |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on *(month/day/year)* 9 / 25 / 2006 and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment.)

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| *[signature]* | J. Cethel | ~~SUPERVISOR~~ |

| Business or Organization Name | Address *(Street Name and Number, City, State, Zip Code)* | Date *(month/day/year)* |
|---|---|---|
| MEDLINE | 18250 MURPHY PARKWAY  LATHROP   95330 | 09/25/2006 |

**Section 3. Updating and Reverification.** To be completed and signed by employer

| A. New Name *(if applicable)* | B. Date of rehire *(month/day/year) (if applicable)* |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

| Document Title: _____ | Document #: _____ | Expiration Date *(if any)*: ___/___/___ |
|---|---|---|

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date *(month/day/year)* |
|---|---|
| | |

Form I-9 (Rev. 11-21-91)N Page 2

# EXHIBIT "H"

1  SUSAN R. DENIOUS, Bar No. 155033
LITTLER MENDELSON
2  A Professional Corporation
2520 Venture Oaks Way, Suite 390
3  Sacramento, CA 95833
Telephone:   916.830.7200
4
Attorneys for Defendant
5  MEDLINE INDUSTRIES, INC.

**ORIGINAL**

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  HEIDI VUCENICH,                          Case No.

11              Plaintiff,            **DECLARATION OF ALEX LIEBERMAN
                                       IN SUPPORT OF MEDLINE INDUSTRIES,**
12        v.                           **INC.'S NOTICE TO FEDERAL COURT OF
                                       REMOVAL OF CIVIL ACTION**
13  MEDLINE INDUSTRIES, INC., an
Illinois corporation and DOES 1 through
14  25,

15              Defendants.

16

17        I, ALEX LIEBERMAN, declare as follows:

18            1.      I serve as General Counsel & Chief Compliance Officer for Medline

19  Industries, Inc. (sometimes referred to herein as "Medline"), the Defendant in the above referenced

20  case.  Because of my position, I am familiar with the locations and general operations of Medline.

21  The facts stated below are based upon my personal knowledge.  I am competent and willing to

22  testify concerning them if called upon to do so.

23            2.      Medline Industries, Inc. is an Illinois corporation.

24            3.      The principal place of business of Medline Industries, Inc. is located in the

25  City of ___Mundlein___, County of ___Lake___, within the State of

26  Illinois.

27            4.      The headquarters of Medline are located at the above-stated principal place of

28  business in Illinois.

LITTLER MENDELSON
A Professional Corporation
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

FIRMWIDE:89511120.1 049790.1005

Declaration of Alex Lieberman ISO Medline Industries, Inc.'s
Notice To Federal Court of Removal Of Civil Action

5.      The top-level executives of Medline manage the operations of the company from the company's headquarters located in Illinois.

I declare under penalty of perjury under the laws of the United States and under the laws of the State of California that the foregoing Declaration is true and correct.

Executed this 16th day of April 2009, at ___Mundelein___, Illinois.

ALEX LIEBERMAN

LITTLER MENDELSON
A Professional Corporation
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

FIRMWIDE:89511120.1 049790.1005

2.

Declaration of Alex Lieberman ISO Medline Industries, Inc.'s Notice To Federal Court Of Removal Of Civil Action

# EXHIBIT "I"

1    SUSAN R. DENIOUS, Bar No. 155033
     LITTLER MENDELSON
2    A Professional Corporation
     2520 Venture Oaks Way, Suite 390
3    Sacramento, CA 95833
     Telephone:    916.830.7200
4
     Attorneys for Defendant
5    MEDLINE INDUSTRIES, INC.

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10   HEIDI VUCENICH,                        Case No.

11                   Plaintiff,             **DECLARATION OF DAVE BERNIER IN**
                                            **SUPPORT OF MEDLINE INDUSTRIES,**
12        v.                                **INC.'S NOTICE TO FEDERAL COURT OF**
                                            **REMOVAL OF CIVIL ACTION**
13   MEDLINE INDUSTRIES, INC., an
     Illinois corporation and DOES 1 through
14   25,

15                   Defendants.

16

17           I, DAVE BERNIER, declare as follows:

18           1.    I am the Director of Payroll Operations for Medline Industries, Inc. My

19   responsibilities the contiguous United States, Alaska, Hawaii and Puerto Rico.  As such, I have

20   access to Medline Industries, Inc.'s payroll and benefits information as well as the last known

21   address the company has for Heidi Vucenich. Because of my employment duties, I am also familiar

22   with the manner in which these records are routinely maintained for business purposes.  I have

23   personally reviewed the information provided below using company records, and would be

24   competent to testify concerning that information if called upon to do so.

25           2.    While working with Medline Industries, Inc., Heidi Vucenich was employed

26   under the name of Heidi Jaeger.  It was widely known that she was married to another Medline

27   employee, Theodore Vucenich.

28

LITTLER MENDELSON
A Professional Corporation
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702 862 8800

FIRMWIDE:89485060.1 049790.1005

Declaration of Dave Bernier ISO Medline Industries, Inc.'s
Notice To Federal Court Of Removal Of Civil Action

3.     At the time her employment with Medline Industries Inc. ended in May of 2007, Heidi Jaeger held the position of Foreign Trade Zone Administrator in Lathrop, California. Her annual salary was $46,000.00.  She was further eligible for certain fringe benefits, including health insurance and a 401K retirement plan.

4.     The last available information the company has regarding Ms. Jaeger-Vucenich's residence is that she resided within the State of California when her 2007 earnings statement was provided to her.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of April, 2009, at 1200 Townline Road, Mundelein, in the State of Illinois.

DAVE BERNIER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

FIRMWIDE:89485060.1 049790.1005

2.

Declaration of Dave Bernier ISO Medline Industries, Inc.'s
Notice To Federal Court Of Removal Of Civil Action

1

**PROOF OF SERVICE**

2          I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 2520 Venture Oaks Way, Suite 390, Sacramento,

4   California  95833.4227. On April 17, 2009, I served the within document(s):

5          **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
           ACTION INCLUDING EXHIBITS, AS WELL AS THE**
6          **DECLARATIONS OF JOSEPH BECKER, ALEX LIEBERMAN,
           AND DAVE BERNIER AS ATTACHMENTS**

7

8   ☐      by facsimile transmission at or about _____ on that date. This document
           was transmitted by using a facsimile machine that complies with California Rules
9          of Court Rule 2003(3), telephone number 916.561.0828. The transmission was
           reported as complete and without error. A copy of the transmission report, properly
10         issued by the transmitting machine, is attached. The names and facsimile numbers
           of the person(s) served are as set forth below.

11

12  ☒      by placing a true copy of the document(s) listed above for collection and mailing
           following the firm's ordinary business practice in a sealed envelope with postage
13         thereon fully prepaid for deposit in the United States mail at Sacramento,
           California addressed as set forth below.

14

15         Mark L. Venardi, Esq.
           The Venardi Elam Firm, LLP
16         2033 North Main Street, Suite 750
           Two Ygnacio Center
17         Walnut Creek, CA 94596

18         I am readily familiar with the firm's practice of collection and processing

19  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

20  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

21  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

22  thereon fully prepaid in the ordinary course of business.

23         I declare under penalty of perjury under the laws of the State of California that the

24  above is true and correct. Executed on April 17, 2009, at Sacramento, California.

25

26                                                    Marie M. Coleman
27                                                    _____
                                                      Marie M. Coleman
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Firmwide:89485485.1 049790.1005                    1.                    Case No. _____

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION